UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**CIVIL ACTION NO. 06-2-C**

**PATRICIA D. TAYLOR,**                                                                                           **PLAINTIFF,**

**V.**                             **MEMORANDUM OPINION AND ORDER**

**UNITED STATES OF AMERICA,**                                                                       **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the defendant's motion to dismiss the plaintiff's claims under the Federal Tort Claims Act ("FTCA") for lack of subject matter jurisdiction (DE 12). The court, having reviewed the record and being otherwise sufficiently advised, will grant the defendant's motion.

This action arises out of an automobile accident in Bowling Green, Kentucky, in which a car driven by Michael R. DeVillez, a Deputy United States Marshal, allegedly collided with the plaintiff's automobile, causing personal injury and property damage. The plaintiff originally filed her complaint in state court, and the defendant removed the case to this court pursuant to 28 U.S.C. §§ 1442, 1446, and 2679. The United States was substituted as the defendant in place of Mr. DeVillez.

Federal courts have exclusive jurisdiction over

> claims against the United States, for money damages … for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the

>claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b). FTCA claims therefore cannot be maintained in state court. *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 125 S.Ct. 2611, 2631 (2005) (Ginsburg, J., dissenting). Because the plaintiff's complaint was brought against a federal employee who was, at the time of the allegedly tortious act, acting in the scope of his employment, the state court lacked subject matter jurisdiction. *See Richards v. United States,* 369 U.S. 1, 13 n.28 (1962); *Houston v. United States Postal Serv.,* 823 F.2d 896, 903 (5th Cir. 1987) (abrogated on other grounds); *Pittsburgh v. United States,* 359 F.2d 564, 568 n.12 (3d Cir. 1966).

The defendant's argument in support of dismissal is based on the doctrine of derivative jurisdiction, which classifies removal jurisdiction as derivative of the state court's jurisdiction. *Arizona v. Manypenny*, 451 U.S. 232, 242 (1981). The *Manypenny* Court explained, "[I]t is well settled that if the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though the federal court would have had jurisdiction if the suit had originated there." *Id.* at 243 n.17 (*citing Freeman v. Bee Mach Co.*, 319 U.S. 448, 449 (1943); *Minnesota v. United States,* 305 U.S. 382, 389 (1939); *Lambert Run Coal Co. v. Baltimore & Ohio R.R. Co.,* 258 U.S. 377, 382 (1922)).

The applicability of derivative jurisdiction was largely abolished by the amendment of 28 U.S.C. § 1441 to allow a district court to hear and determine removed claims even if the state court from which the action was removed did not

have subject matter jurisdiction.  28 U.S.C. § 1441(e) (1986); *see also Fed. Nat'l Mortgage Ass'n v. LeCrone,* 868 F.2d 190, 192 n.4 (6th Cir. 1989).[1]  The statute was subsequently amended again, and now provides that "[t]he court to which a civil action is removed *under this section* is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim."  28 U.S.C. § 1441(f) (2002) (emphasis added).  The 2002 amendment makes clear that derivative jurisdiction still applies to cases removed pursuant to 28 U.S.C. § 1442.  *Barnaby v. Quintos,* 410 F. Supp. 2d 142, 144 (S.D.N.Y. 2005).[2]

This case was removed in accordance with § 1442(a); because the state court lacked subject matter jurisdiction over the case, this court did not acquire jurisdiction upon removal.  Accordingly,

**IT IS ORDERED** that the defendant's motion to dismiss for lack of subject matter jurisdiction (DE 12) is **GRANTED**.

---

[1] The original amendment, 28 U.S.C. § 1441(e), provided that "[t]he court to which such civil action is removed is not precluded from hearing and determining any claim in such action because the State court from which such civil action is removed did not have jurisdiction over that claim."

[2] Most jurisdictions continued, even prior to the adoption of § 1441(f), to apply the principle of derivative jurisdiction to cases that were removed pursuant to § 1442(a).  *Smith v. Cromer,* 159 F.3d 875, 879 (4th Cir. 1998); *Elko v. County Grand Jury v. Siminoe,* 109 F.3d 554, 555 (9th Cir. 1997); *Edwards v. United States Dep't of Justice,* 43 F.3d 312, 316 (7th Cir. 1994); *Moreland v. Van Buren GMC,* 93 F. Supp. 2d 346, 354-55 (E.D.N.Y. 1999); *Tyree v. The Burlington Northern & Santa Fe Ry. Co.,* 973 F. Supp. 786, 792 n.4 (W.D. Tenn. 1997).  *But see North Dakota v. Fredericks,* 940 F.2d 333, 337 (8th Cir. 1991).

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE** and **STRICKEN** from the court's active docket.

Signed on   July 18, 2006

*Jennifer B. Coffman*
**Jennifer B. Coffman, Judge**
**United States District Court**